1  MCDERMOTT WILL & EMERY LLP
   WILLIAM G. GAEDE, III (136184)
2  wgaede@mwe.com
   ANDREW A. KUMAMOTO (178541)
3  akumamoto@mwe.com
   SHANE G. SMITH (272630)
4  sgsmith@mwe.com
   275 Middlefield Road, Suite 100
5  Menlo Park, CA 94025
   Telephone:      (650) 815-7400
6  Facsimile:      (650) 815-7401

7  Attorneys for *Depomed, Inc*.

   RAKOCZY MOLINO MAZZOCHI SIWIK LLP
8  PAUL J. MOLINO (*Pro Hac Vice*)
   paul@rmmslegal.com
9  WILLIAM A. RAKOCZY (*Pro Hac Vice*)
   wrakoczy@rmmslegal.com
10 THEODORE J. CHIACCHO (*Pro Hac Vice*)
   tchiacchio@rmmslegal.com
11 HEINZ J. SALMEN (*Pro Hac Vice*)
   hsalmen@rmmslegal.com
12 6 West Hubbard Street, Suite 500
   Chicago, IL 60654
13 Telephone:      (312) 527-2157
   Facsimile:      (312) 222-6320

14 DURIE TANGRI LLP
   DARALYN J. DURIE, ESQ. (169825)
15 ddurie@durietangri.com
   SONALI MAITRA, ESQ. (254896)
16 smaitra@durietangri.com
   217 Leidesdorff Street
17 San Francisco, California 94111
   Telephone:      (415) 362-6666
18 Facsimile:      (415) 236-6300

19 Attorneys for *Lupin Pharmaceuticals, Inc. and Lupin Ltd.*

20                IN THE UNITED STATES DISTRICT COURT

21             IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 22  DEPOMED, INC., a California Corporation, | No. 09-CV-05587 PJH |
| 23             Plaintiff, | **STIPULATION AND [~~PROPOSED~~] ORDER SETTING THE PRETRIAL SCHEDULE FOLLOWING THE FURTHER CASE MANAGEMENT CONFERENCE** |
| 24        v. | |
| 25  LUPIN PHARMACEUTICALS, INC., a Virginia Corporation, and LUPIN LIMITED, an Indian Corporation, | |
| 26 | |
| 27             Defendants. | |

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
SILICON VALLEY

Pursuant to the Court's direction at its Further Case Management Conference, Counsel for Plaintiff Depomed, Inc. and Defendants Lupin Pharmaceuticals, Inc. and Lupin Limited (collectively "Lupin") have conferred regarding a supplemental scheduling order and pretrial schedule in this matter. In accordance therewith, the parties submit the following Stipulation.

## STIPULATION

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, through their respective counsel, that the schedule leading to the August 13, 2012, trial date set by the Court during the June 30, 2011, Further Case Management Conference, be adopted as follows:

| Event | Parties' Proposed Date |
|---|---|
| L/D To Amend Pleadings | August 29, 2011 |
| Close of Fact Discovery; Summary Disclosure of Experts and Issues on Which Expert Report will be Proffered | November 28, 2011 |
| Expert Reports on Issue Party Bears Burden of Proof; Any Affirmative Expert Report | December 12, 2011 |
| Rebuttal Expert Reports | January 12, 2012 |
| Close of Expert Discovery | January 25, 2012 |
| L/D File Dispositive Motions | February 15, 2012 |
| Opposition Briefs to Dispositive Motions | March 6, 2012 |
| Reply Briefs to Dispositive Motions | March 16, 2012 |
| Dispositive Motions Hearing | April 11, 2012 (by Court Order) |
| Pretrial Conference | July 12, 2012 (by Court Order) |
| Trial (up to 12 Days) | August 13, 2012 (by Court Order) |

The parties disagree about the need for Reply Expert Reports, and request that the Court determine whether a third round of Reports is required and when those Reports would be due, if at all.

| Event | Depomed's Proposed Date | Lupins' Proposed Date |
|---|---|---|
| Reply Expert Reports | NONE[1] | January 18, 2012[2] |

**Depomed's Position**

A third round of expert reports unnecessarily wastes the Court's and the parties' resources, and should not be allowed since the proposed schedule already grants each side the opportunity to respond to the other's positions.

During the parties' meet and confer, Lupin posited that they would need "a third round of expert reports to rebut any secondary considerations of nonobviousness asserted by Depomed." But they do not. Lupin already has an opportunity to respond, in its rebuttal expert reports, to any secondary considerations of nonobviousness asserted by Depomed. That is because the schedule requires that opening expert reports address issues on which the submitting party bears the burden of proof. Depomed bears the burden of showing a "nexus" between the patented inventions and any secondary considerations on which it will rely to support its nonobviousness contentions. *Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*, 851 F.2d 1387, 1392 (Fed. Cir. 1988). Thus, Depomed will address the requisite nexus in its opening reports due on December 12, 2011. Lupin may then respond in its rebuttal reports due on January 12, 2012, a circumstance that moots Lupin's proposal.

At trial, Lupin must shoulder the underlying burden of proving invalidity by clear and convincing evidence. *Microsoft, Corp. v. i4i Ltd. Partnership*, 564 U.S. __, 2011 WL 224428 at

---

[1] If the Court determines that the parties should file a third round of reply expert reports, then Depomed requests that the Court proceed to set a due date for these reports in its Order.

[2] If the Court agrees that a third round of expert reports is appropriate, but Depomed does not agree to this proposed date, Lupin is happy to meet-and-confer with Depomed to further modify the schedule as it concerns expert discovery. It is Lupin's position that it is appropriate to submit this schedule today -- even though it may be necessary for the parties to conduct further discussions -- because the parties are largely in agreement on the schedule, and three weeks already have passed since the June 30, 2011 CMC.

1    *6 (June 9, 2011).  And the Court may consider Lupin's obviousness case before turning to
2    Depomed's secondary factor evidence.  *Cf. Ormco Corp. v. Align Technology, Inc.*, 463 F.3d
3    1299, 1311 (Fed. Cir. 2006) (a patentee "may rebut a prima facie showing of obviousness with
4    objective indicia of nonobviousness").  But Depomed does not agree that it makes sense to
5    structure the parties' expert reporting schedule in the same fashion.  Doing so only adds an extra
6    layer of cumulative reports for the Court to review, unnecessary costs for our clients, and added
7    time stress on the parties before the last day to file dispositive motions on February 15, 2012.
8    Moreover, Lupin may divine Depomed's position on secondary factors before the close of fact
9    discovery on November 28, 2011.  Depomed respectfully requests that the Court omit reply
10   expert reports from its Scheduling Order.

11   **Lupin's Position**

12   For at least the following reasons, a third round of expert reports is necessary to provide a
13   full and fair opportunity for Lupin's experts to address and rebut the *full* scope of Depomed's
14   asserted secondary considerations of nonobviousness.  The assertion of secondary considerations
15   of nonobviousness is expressly a responsive argument that is presented to *rebut* an alleged
16   infringer's *prima facie* case of obviousness.  *See Graham v. John Deere,* 383 U.S. 1, 17-18
17   (1966).  In return, an alleged infringer is allowed to rebut any such assertion.  Consequently, an
18   obviousness case involves three sequential showings:  (1) a *prima facie* case; (2) secondary
19   considerations; and (3) rebuttal of secondary considerations.

20   If this well-established sequence is not followed here, Depomed will obtain an undue
21   advantage—without a third round of reports, Lupin will have no opportunity to challenge any
22   secondary considerations Depomed advances in its second-round rebuttal reports.  Thus,
23   Depomed's statement that it will "address the requisite nexus in its opening expert reports" does
24   not address the full issue because a secondary-considerations rebuttal is not limited to showing a
25   lack of nexus.  And indeed, Depomed has not represented that it will provide *all* of its experts'
26   opinions regarding *all* secondary considerations in the opening round—rather, the door remains
27   open for Depmed to assert secondary considerations in response to Lupin's opening expert
28   reports.  This is confirmed by Depomed's objections to Lupin's interrogatories regarding "any

secondary considerations" on the grounds that Lupin's requests were (1) "prematurely seeking expert testimony [and] discovery of contentions on matters—the validity of the patents-in-suit—*on which Defendant Lupin bears the burden of proof*," and (2) "prematurely seek[ing] discovery of *rebuttal evidence* . . . ." (Pl. Res. Interrog. No. 1, emphasis added).

For these reasons, Lupin respectfully asks the Court to include a third round of expert reports in its Scheduling Order.

SO STIPULATED this 22nd day of July 2011.

MCDERMOTT WILL & EMERY LLP      RAKOCZY MOLINO MAZZOCHI SIWIK LLP

By:    */s/ William G. Gaede, III*      By:    */s/ Paul J. Molino*
         William G. Gaede, III                        Paul J. Molino

Attorneys for *Depomed, Inc.*      Attorneys for *Lupin Limited and Lupin Pharmaceuticals, Inc.*

### SIGNATURE ATTESTATION

Pursuant to General Order 45.X(B), I hereby attest that concurrence has been obtained from Paul Molino indicated by a "conformed" signature (/s/) within this e-filed document.

                                             */s/ William G. Gaede, III*
                                             William G. Gaede, III

-oOo-

**PURSUANT TO STIPULATION, IT IS SO ORDERED.** The following Pretrial Schedule is hereby adopted.

| Event | Parties' Proposed Date |
|---|---|
| **L/D To Amend Pleadings** | **August 29, 2011** |
| **Close of Fact Discovery;** **Summary Disclosure of Experts and Issues on Which Expert Report will be Proffered** | **November 28, 2011** |
| **Expert Reports on Issue Party Bears Burden of Proof; Any Affirmative Expert Report** | **December 12, 2011** |

| **Event** | **Parties' Proposed Date** |
|---|---|
| **Rebuttal Expert Reports** | **January 12, 2012** |
| **Reply Expert Reports** | [None ~~or~~ ~~January 18, 2012~~] |
| **Close of Expert Discovery** | **January 25, 2012** |
| **L/D File Dispositive Motions** | **February 15, 2012** |
| **Opposition Briefs to Dispositive Motions** | **March 6, 2012** |
| **Reply Briefs to Dispositive Motions** | **March 16, 2012** |
| **Dispositive Motions Hearing** | **April 11, 2012** |
| **Pretrial Conference** | **July 12, 2012** |
| **Trial (up to 12 Days)** | **August 13, 2012** |

DATED: 7/26/11

HONORABLE PHYLLIS J. HAMILTON
United States District Court Judge



IT IS SO ORDERED
Judge Phyllis J. Hamilton