1

2

3

4

5

6

7

8               UNITED STATES  DISTRICT COURT

9                Northern District of California

10                      Oakland Division

11   DEPOMED, INC.,                          No. C 09-05587 LB

12                Plaintiff,          **ORDER REGARDING THE PARTIES'**
         v.                           **JOINT DISCOVERY LETTER DATED**
13                                    **JANUARY 17, 2012**

     LUPIN PHARMACEUTICALS, INC., et al.,
14
                Defendants.
15   _____/

16                      **I.  INTRODUCTION**

17        This is an action under the Hatch-Waxman Act[1] that arises out of Defendants Lupin

18   Pharmaceuticals, Inc. and Lupin Limited's (collectively, "Lupin") desire to market a generic version

19   of Plaintiff Depomed, Inc.'s ("Depomed") Glumetza® product.  A dispute has arisen over whether,

20   and/or to what extent, Lupin must respond to certain of Depomed's document requests and its

21   noticed Rule 30(b)(6) deposition topics.  Upon review of the parties' joint discovery letter dated

22   January 17, 2012 and relevant legal authority, the court ORDERS Lupin to respond to Depomed's

23   document requests and deposition notice in the manner described below for the products that are the

24   subject of ANDA No. 91-664.

25

26

27
          [1] *See* "Drug Price Competition and Patent Term Restoration Act of 1984," Pub. L. No.
28   98-417, 98 Stat. 1585 (codified at 21 U.S.C. § 355(b), (j), (l); 35 U.S.C. §§ 156, 271, 282)
     ("Hatch-Waxman Act").

     C 09-05587 LB

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

**II. BACKGROUND**[2]

Depomed is a specialty pharmaceutical company that designs, develops, and markets pharmaceutical products utilizing optimized drug delivery technologies.  Its three patents-in-suit focus on the development of a gastric-retentive drug delivery system designed as a conventionally-sized pill, which swells over time in the stomach, thus providing continuous and controlled drug delivery to the patient's upper gastrointestinal ("GI") tract.

U.S. Patent Nos. 6,340,475 ("the '475 patent") and 6,635,280 ("the '280 patent"), both entitled "Extending the Duration of Drug Release Within the Stomach During the Fed Mode," were issued to Depomed as assignee of the inventors on January 22, 2002, and October 21, 2003, respectively.  The invention of the '475 and '280 patents relates to an oral drug dosage form (a dosage form that is swallowed or ingested – typically, one or more tablets), which benefits from a prolonged period of controlled release in the upper GI tract, and from an enhanced opportunity of absorption in the upper GI tract rather than in the lower portions of the GI tract.  The controlled release oral dosage form (described in Claim 1 of the '475 and '280 patents) comprises a drug dispersed within a polymeric matrix.  This polymeric matrix has a special property of being able to absorb or imbibe water, thereby causing the dosage form to increase in size and, in turn, retard the rate of release of drug from the swollen dosage form.

U.S. Patent No. 6,448,962 ("the '962 patent"), entitled "Tablet Shapes To Enhance Gastric Retention of Swellable Controlled-Release Oral Dosage Forms," was issued to Depomed as assignee of the inventors on December 3, 2002, and arises out of an application filed in June 2000.  The invention of the '962 patent discloses an improvement over the '475 and '280 patents by extending gastric retention of a dosage form by using particular shapes, sizes, and swelling properties.  The particular shape of these dosage forms and the minimum dimensions of the dosage form increase gastric retention over the dosage forms of the '475 and '280 patents.

With these patents, Depomed commercialized Glumetza® – a product used to treat adults diagnosed with type-2 diabetes.  Glumetza® contains the drug metformin HCL, formulated in

---

[2] In drafting this section, the court relied heavily on Judge Hamilton's factual description in her Order Construing Claims dated May 17, 2011. *See* 5/17/2011 Order, ECF No. 107.

C 09-05587 LB

2

UNITED STATES DISTRICT COURT
For the Northern District of California

1    extended controlled-release 500 mg. and 1000 mg. tablets.

2        In 2009, Lupin, which is in the business of making and selling generic pharmaceutical products,

3    submitted Abbreviated New Drug Application ("ANDA") No. 91-664 to the FDA pursuant to 21

4    U.S.C. § 355(j), seeking approval to market generic metformin HCL extended-release tablets in the

5    500mg and 1000mg dosage strengths.  In November of that year, Lupin sent Depomed written

6    notification that Lupin had filed the ANDA.  It also asserted that the '475, '280, and '962 patents are

7    invalid or will not be infringed by the commercial manufacture, use, or sale of the Lupin products

8    covered by the ANDA.  Following this notification, Depomed filed the present lawsuit.  Original

9    Complaint, ECF No. 1.[3]

10       Discovery has been open since March 2010.  *See* 3/18/2010 Minute Order, ECF No. 52.  On May

11   17, 2010, Depomed served contention interrogatories on Lupin.  James Declaration, Ex. 2, ECF No.

12   131-3.  Lupin responded to these interrogatories on July 2, 2010.  *Id*., Ex. 3, ECF No. 131-4.  Over a

13   year later, on August 26, 2011, Lupin supplemented its original interrogatory responses.  *Id*., Ex. 4,

14   ECF No. 131-5.  In these supplemental responses, Lupin contended that Lupin's accused products

15   do not infringe Depomed's patents-in-suit in part because Lupin's products use a "reservoir system,"

16   rather than a polymeric "matrix system" as claimed in the patents-in-suit, to extend the release of the

17   drug.  *See id*., Ex. 4, ECF No. 131-5 at 12-17.

18       About two months later, on October 17, 2011, Depomed served a Rule 30(b)(6) deposition notice

19   on Lupin seeking testimony about, among other topics, Lupin's products that employ its so-called

20   "reservoir system."  *Id*., Ex. 6, ECD No. 131-7.[4]  Roughly a month after that, on November 22,

21

22       [3] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page
     number at the top of the document, not the pages at the bottom.

23

24       [4] Topic No. 17 is "[t]he identity, structure and formulation of each and every
     extended-release product, product candidate, and/or formulation that LUPIN employs or has

25   employed for the delivery of highly soluble drugs that contains hydroxypropylmethyl cellulose as a
     polymer matrix with a coating that comprises Eudragit"; Topic No. 19 is "[t]he identity, structure

26   and formulation of any LUPIN product that employs reservoir system technology, including such
     systems that comprise Eudragit as a coating on the tablet"; and Topic No. 20 is "[t]he identity,

27   structure and formulation of each LUPIN product that employs or has employed for the delivery of a
     highly soluble drug a hydroxypropylmethyl cellulose polymer matrix."  James Declaration, Ex. 2,

28   ECF No. 131-7.

C 09-05587 LB

1 2011, Depomed served additional requests for production of documents ("RFPs") seeking similar

2 information. *Id*., Ex. 5, ECF No. 131-6.[5]

3     In December 2011, Lupin objected to both Depomed's RFPs and Rule 30(b)(6) deposition topics

4 as being, among other things, overly broad, irrelevant, and not reasonably calculated to lead to the

5 discovery of admissible evidence, because the RFPs and deposition topics are not limited to the

6 Lupin product covered by its ANDA. *Id*., Exs. 7-8, ECF Nos. 131-8, 131-9. Subject to those

7 objections, Lupin nevertheless offered to produce responsive, non-privileged documents that relate

8 to the products covered by the ANDA and to produce a Rule 30(b)(6) deponent to testify about the

9 same. *Id*., Exs. 7-8, ECF Nos. 131-8, 131-9.

10     On January 6, 2012, Depomed filed a motion for an order compelling Lupin to respond to the

11 four RFPs (Nos. 72-75) and to produce a deponent for the three deposition topics (Nos. 17, 19-20) at

12 issue. Motion to Compel, ECF No. 130. On January 9, 2012, Judge Hamilton referred the motion to

13 this court for resolution. Order of Referral, ECF No. 136. The court dismissed Depomed's motion

14 without prejudice and instructed the parties to comply with the discovery dispute-related procedures

15 set forth in the undersigned's standing order. Notice of Referral, ECF No. 138. In accordance with

16 those procedures, the parties met and conferred about the dispute, during which Lupin reiterated its

17 previous offer and also agreed to search its files for documents directly related to a statement found

18 in one of its produced documents. Joint Letter, ECF No. 141 at 5. Depomed rejected the offer, and

19 the parties filed the instant joint discovery letter on January 17, 2012. *Id*.

20                                    **III.  LEGAL STANDARD**

21     Subject to the limitations imposed by subsection (b)(2)(C), under Rule 26, "[p]arties may obtain

22

23     [5] RFP No. 72 seeks "ALL DOCUMENTS RELATING TO ANY LUPIN product that
employs a reservoir system as part of an extended-release or delayed-release drug dosage form";
24 RFP No. 73 seeks "DOCUMENTS sufficient to identify ANY LUPIN product that employs a
reservoir system, or that can be characterized as employing a reservoir system, as part of an
25 extended release or delayed-release drug dosage form"; RFP No. 74 seeks "ALL DOCUMENTS
RELATING TO definitions, characteristics, formulations, methods for producing, and/or methods
26 for using a reservoir system as part of an extended-release or delayed-release drug dosage form";
and RFP No. 75 seeks "ALL DOCUMENTS RELATING TO the use of Eudragit and/or other
27 coatings as part of an extended-release or delayed-release drug dosage form." James Declaration,
28 Ex. 2, ECF No. 131-6.

UNITED STATES DISTRICT COURT
For the Northern District of California

1  discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."

2  Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery

3  appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. However, "[o]n

4  motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by

5  these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative

6  or duplicative, or can be obtained from some other source that is more convenient, less burdensome,

7  or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the

8  information by discovery in the action; or (iii) the burden or expense of the proposed discovery

9  outweighs its likely benefit, considering the needs of the case, the amount in controversy, the

10  parties' resources, the importance of the issues at stake in the action, and the importance of the

11  discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

12  ## IV.  DISCUSSION

13  In order to resolve this dispute, the court must determine whether, and to what extent, the

14  information sought by Depomed is relevant to any party's claim or defense.  In their joint letter,

15  Depomed contends that the information is relevant because Lupin's non-infringement position,

16  which Lupin "grounded . . . in three pages of supplemental interrogatory response that broadly

17  distinguished between reservoir technology and matrix-based technology," "is not limited to just the

18  two accused products, but represents broad statements on technological approaches for developing

19  extended-release tablets upon which its experts will surely rely." Joint Letter, ECF No. 141 at 5, 6.

20  In other words, "Lupin has placed into issue a theory that its two accused products fall within the

21  generic family of reservoir system, extended-release tablets as compared to the matrix family." *Id*.

22  at 6.  Thus, because "Lupin came to the development of the accused products with knowledge of the

23  use of coatings in extended-release drugs," "Depomed seeks discovery that would specifically show

24  Lupin's knowledge and experience regarding the reservoir system approach to extended-release

25  tablets in comparison to matrix-based systems, and how Lupin has employed that technology for

26  extended-release drug products." *Id*.

27  While Lupin has already offered to produce responsive, non-privileged documents that relate to

28  the products covered by the ANDA and to produce a Rule 30(b)(6) deponent to testify about the

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

C 09-05587 LB

UNITED STATES DISTRICT COURT
For the Northern District of California

1    same, it disagrees that its non-infringement defense based on its use of a "reservoir system" allows

2    Depomed "sweeping discovery on unidentified Lupin products that are not at issue in this case." *Id*.

3    Indeed, as Lupin points out, Depomed has not identified any products (aside from the two products

4    covered by the ANDA) that might be relevant, but instead wants to (in Depomed's words) "explore

5    the scope and content of Lupin's institutional knowledge." *Id*. at 6, 7.

6    Upon consideration of the parties' arguments, the court believes that the requested information is

7    relevant but only with respect to the two Lupin products covered by the ANDA.  Depomed argues

8    that Lupin's interrogatory responses "are not specifically tied to the two accused extended-release

9    pharmaceutical tablets," but it is wrong.  Depomed's interrogatories sought the bases for Lupin's

10   claim that its two ANDA-covered products do not infringe Depomed's patents, and Lupin responded

11   that its two ANDA-covered products do not infringe Depomed's patents because the two products

12   use a "reservoir system" rather than a "matrix system."  After such a response, Depomed surely is

13   entitled to its requested information with respect to Lupin's two ANDA-covered products – the two

14   products at issue in this case.  But Lupin's insertion of a description and comparison of a "reservoir

15   system" and a "matrix system," whether three paragraphs or three pages, does not transform its

16   interrogatory response into a defense of all of its products, nor does it allow Depomed to mine,

17   without restriction, Lupin's "institutional knowledge" on the subject.

## V.  CONCLUSION

19   Based on the foregoing, the court ORDERS the following:

20   1.  With respect to RFP Nos. 72-75, Lupin shall produce responsive, non-privileged documents

21       within its possession, custody, or control that relate to Lupin's products that are the subject of

22       ANDA No. 91-664, to the extent that such documents exist and have not already been produced.

23       In so producing, Lupin, per its offer in the parties' joint letter, shall search its files for documents

24       "directly related to the following statement on LUP(GLUM)000257 that from previous

25       formulation experience, when Hypromellose was used as [a] control release polymer for

26       preparing a matrix, it was unable to control the burst release."

27   2.  With respect to Topic Nos. 17, 19, and 20 of Depomed's Rule 30(b)(6) deposition notice, Lupin

28       shall designate a witness to testify regarding relevant, non-privileged information concerning the

C 09-05587 LB

1  identity, structure, and formulation of Lupin's products that are the subject of ANDA No. 91-

2  664.  The deposition shall take place during the week of January 22, 2012, with the specific date,

3  time and location to be determined by the parties.

4  This disposes of ECF No. 141.

5  **IT IS SO ORDERED.**

6  Dated: January 20, 2012

7  _____
   LAUREL BEELER
   United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California

C 09-05587 LB

7